**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) BRAD GRIFFIN, *individually and on behalf of a class of similarly situated individuals,*<br><br>Plaintiff,<br><br>vs.<br><br>(1) OU MEDICINE, INC., d/b/a OU Health, an Oklahoma corporation,<br><br>Defendant. | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>No. CIV-26-2815-HE |

Plaintiff Brad Griffin, individually on behalf of himself and all others similarly situated, by and through counsel, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

**INTRODUCTION**

1. This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, interest, reasonable attorneys' fees, costs, declaratory and injunctive relief, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* on behalf of Plaintiff and similarly situated current and former employees of OU Medicine, Inc., d/b/a OU Health (hereinafter referred to as "OU Health" or "Defendant"), and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective," as hereinafter more fully defined).

2. This action also seeks to recover unpaid compensation, as well as liquidated damages, interest, costs, and any other appropriate relief, under Oklahoma law, including

under Oklahoma's wage payment statute, 40 Okla. Stat. Ann. § 165.1, *et seq***.** ("Oklahoma Law"), and for unjust enrichment on behalf of Plaintiff and similarly situated current and former employees employed by Defendant (the "State Law Class," as hereinafter more fully defined).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's state law claim because that claim arises out of the exact same nucleus of facts and is so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant has its principal place of business and resides in this district, Plaintiff resides and worked in this district for Defendant, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**PARTIES**

6. Plaintiff Griffin is an individual and a resident of the State of Oklahoma. Plaintiff has completed an "Opt-In Consent Form" which is filed as Exhibit A to this Complaint and is incorporated by reference herein.

7. Defendant OU Medicine, Inc., is an Oklahoma not-for-profit corporation with its headquarters and principal place of business in Oklahoma City, OK.

**FACTUAL ALLEGATIONS**

**Defendant's Business and Defendant's Status as an Employer**

8. Defendant OU Health holds itself out as "Oklahoma's Largest and Most Comprehensive Health System" and represents that it has 10,000+ employees, 1,300+ physicians and 4,000+ nurses "Offering the State's Most Comprehensive Healthcare Services" with "locations across Oklahoma, including sites in Oklahoma City, Edmond, Tulsa and more."[1]

9. Defendant is an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA, 29 U.S.C. § 203(d), and within the meaning of Oklahoma Law under 40 Okla. Stat. § 165.1(1).

10. Defendant utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of its business purpose.

11. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

14. Defendant was an employer of Plaintiff and other members of the FLSA Collective and State Law Class inasmuch as Defendant, either individually or through its corporate subsidiaries and affiliates, exercised the power to hire or fire employees;

[1] https://www.ouhealth.com/careers/who-we-are (last accessed October 6, 2026).

supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

**Defendant's Failure to Pay for All Hours Worked as a Result of Defendant's Time Rounding Policy**

15. Plaintiff Griffin was employed by Defendant at its Oklahoma Children's Hospital OU Health facility in Oklahoma City from approximately March 2011 to December 1, 2024, as a Registered Nurse, most often in the adult and pediatric ICU and Emergency floors. Throughout his employment by Defendant he, as well as the other members of the FLSA Collective and the State Law Class, was classified and worked as hourly, nonexempt employees. Plaintiff often worked at least forty hours per week.

16. Specifically, Plaintiff was routinely scheduled to work three 12-hour shifts per week and approximately every third week would pick up an additional shift that caused him to work more than 40 hours in a week. By way of example, his shifts routinely began at 6:45 p.m. and ended at 6:45 a.m. He clocked in and out each day to keep track of time worked as required by Defendant.

17. However, as outlined below, Plaintiff's actual hours worked regularly fall outside of these scheduled times. Due to the demands of his job and Defendant's policies, as outlined below, Plaintiff consistently clocks in and begins working, for example, prior to the 6:45 a.m. work start time.

18. At all times relevant, Plaintiff and other members of the FLSA Collective and the State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and 40 Okla. Stat. Ann. § 165.1(2).

19. At all times relevant, Plaintiff and other members of the FLSA Collective and the State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

20. As non-exempt, hourly workers, Plaintiff Griffin and the other members of the FLSA Collective and the State Law Class are required to clock in and out at the beginning and end of their shifts at Defendant's locations to record their hours worked.

21. Specifically, Plaintiff typically arrived at work minutes before his shift began, clocked in, and immediately began to commence the duties of his job including, among other things, conferring with the outgoing nursing staff, looking at charts, checking schedules, and such other duties as an RN. Accordingly, including the time that accumulates from Plaintiff's early clock-ins each day, Plaintiff often worked over 40 hours each week.

22. Defendant's payroll system automatically rounds hours for Plaintiff and other members of the FLSA Collective and State Law Class, meaning that time is rounded up from the time of the clock-in to a nearest set time for the start of shifts. For example, an employee who clocks in at 6:54 a.m. for a shift beginning at 7:00 a.m., will have his or her time rounded to 7:00 a.m. for payroll purposes. The rounding and tardy rules discussed herein are communicated as policy to employees in various ways by Defendant.

23. Accordingly, Plaintiff and the members of the FLSA Collective and the State Law Class clock in as required and perform the principal activities of their jobs, but Defendant generally does not pay them for all of their time worked. Likewise, Plaintiff and the members of the FLSA Collective and the State Law Class regularly work, stop working, and clock out at the end of their workdays, but Defendant generally did not pay them for all of their time worked. Instead, Defendant pays them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all compensable work required by, performed for, and to the benefit of Defendant. Defendant willfully manipulates both the beginning and end of shift time records of Plaintiff and the members of the FLSA Collective and the State Law Class to reflect less time worked when Defendant submits these employees' records to payroll, resulting in less time paid than time worked.

24. In addition to this rounding policy, there is an expectation that Plaintiff and the members of the FLSA Collective and the State Law Class be on the floor, ready to work exactly at the beginning of their shift time. To that end, Defendant implements a tardiness policy whereby an employee is considered tardy for clocking after a scheduled shift time, which can result in a warning. Repeated late clock ins can result in even more discipline including, potentially, termination.

25. Thus, Defendant implements a policy in which employees are expected to clock in and start working early before their shift times, which is then rounded up in favor of Defendant. Similarly, employees are expected not to clock out late, as this would cause the time to be rounded in the employee's favor, triggering additional straight time

compensation in non-overtime weeks, or additional overtime compensation in weeks where the rounded time constituted overtime hours.

26. At the same time, employees are punished for clocking in even a few minutes late. Accordingly, Defendant utilizes its attendance and/or tardy policy to ensure that Defendant's rounding system is substantially rigged in Defendant's favor. As a result, Plaintiff and other members of the FLSA Collective and the State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff and other members of the FLSA Collective and the State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and the provisions of Oklahoma Law cited herein.

27. Similarly, Plaintiff and other members of the FLSA Collective and the State Law Class regularly work after the end of their shift times but are only paid up until their shift ending times. For example, a clock out by an employee at 7:02 p.m. will be rounded down to 7:00 p.m. As a result, these employees are not paid the wages they earned for all time worked up and until they stopped working, inasmuch as Defendant instead paid them based on the post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include post-shift compensable work required by, performed for, and to the benefit of Defendant as tracked in Defendant's timekeeping system.

28. Between clocking in early and clocking out late, and having his time rounded, Plaintiff's time, like that of the other members of the FLSA Collective and the State Law Class, regularly adds up to several uncompensated minutes each day and workweek. Over a period of time, these systematically excluded minutes accumulate into

a substantial amount of uncompensated work, depriving Plaintiff, and other members of the FLSA Collective and the State Law Class, of significant wages they earned and to which they are legally entitled.

29. Although Defendant suffered and permitted Plaintiff and the members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek and/or more than eight (8) hours in a single work day or eighty (80) hours in a two-workweek period pursuant to application of the "8/80" rule permitted under 29 CFR § 778.601,[2] Defendant failed to pay Plaintiff and the members of the FLSA Collective and the State Law Class their overtime wages due for all those hours. *See* 29 C.F.R. §§ 785.11, 785.13.

30. Though Plaintiff and the members of the FLSA Collective and the State Law Class regularly complete tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid their wages for all the time spent performing these tasks because Defendant unilaterally deducted this time worked, and Defendant accepted the benefits of this work without compensating them for this work, regardless of the fact that compensable work was completed. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Plaintiff and the members of the FLSA Collective and the State Law Class were not

[2] "Overtime hours" as used herein will therefore mean either hours in excess of forty per workweek or, for those paid pursuant to the 8/80 rule, over 8 in any single workday within a fourteen-day period or in excess of 80 for the fourteen-day period.

properly paid the wages they earned for many of their hours worked as required by the FLSA (for overtime worked) and Oklahoma Law (for both overtime worked and straight time worked).

31. Defendant's time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise. Defendant rounded, edited, and/or otherwise manipulated Plaintiff's, the FLSA Collective's, and State Law Class's work starting and ending times despite utilizing a timekeeping system that tracks exactly when they "punched" or clocked in/out and started/ended working each day. During overtime weeks, and despite knowing of their performance of work during workweeks when Plaintiff and the FLSA Collective worked more than forty (40) hours, Defendant did not pay them for such overtime which was required to be paid at "one and one-half times" their "regular rate[s]" of pay. *See* 29 U.S.C. § 207. Likewise, during non-overtime weeks, and despite knowing of their performance of such work, Defendant did not pay Plaintiff and the State Law Class their earned wages for all such hours on a straight time basis.

32. Defendant's rounding/editing and time manipulation policies have violated and continue to violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

33. As a result, Plaintiff and other members of the FLSA Collective and the State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff and other members of the FLSA Collective and the State Law Class their earned wages for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b) and Oklahoma Law.

34. Defendant's on-the-clock but unpaid time deprivation policies/practices are the result of systematic and company-wide policies/practices originating at the corporate level. Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Plaintiff, the FLSA Collective, and State Law Class] without compensating for them." "Management has the power to … [and] must make every effort to" ensure all work completed at the beginning and end of shifts was paid in accordance with the FLSA and state law. *See id.*

35. Moreover, Defendant knew or had reason to know that Plaintiff and other members of the FLSA Collective and the State Law Class routinely performed work upon clocking in and prior to clocking out but nevertheless failed to pay for this time worked at the time of payment. For example, Plaintiff began work and after clocking in by getting his work assignments and participated in the huddle with his supervisor, and he often would be working right up to the moment he clocked out in furtherance of his job duties. Because Defendant failed to actively enforce any prohibition against work during these rounded periods, it is liable for compensating Plaintiff and other members of the FLSA Collective and the State Law Class for this time.

**Defendant's Record Keeping Violations**

36. The FLSA required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

37. Specifically, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

38. Defendant kept records of hours worked by Plaintiff and members of the FLSA Collective and State Law Class. However, at the time that the hours worked by Plaintiff and members of the FLSA Collective and State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the FLSA Collective and State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA's record keeping requirements.

**The Willfulness of Defendant's Violations**

39. By denying Plaintiff and members of the FLSA Collective overtime compensation to which they were entitled, as has been discussed above, Defendant's acts were not based upon good faith.

40. Defendant is a large and highly sophisticated employer, with an in-house legal team. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of federal law or acted in reckless disregard as to Defendant's obligations under these laws.

41. Accordingly, Defendant's failure to compensate Plaintiff Griffin and other members of the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a willful violation of the FLSA, 29 U.S.C. § 207.

42. Plaintiff and members of the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260 and Oklahoma Law.

**FLSA COLLECTIVE OVERTIME ALLEGATIONS**
**(As to COUNT ONE)**

43. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 42, as if fully rewritten herein.

44. Plaintiff brings this case on behalf of a group of employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of three years preceding the commencement of this action to the date of judgment in this action who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time edited and/or rounded.[3]

45. Such persons are "similarly situated" with respect to Defendant's FLSA violations, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, all were subjected to Defendant's unlawful rounding/editing and time manipulation policies, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

46. Plaintiff and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed overtime from working hours for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's time rounding and/or editing policies, and time manipulation practices in

[3] Plaintiff reserves the right to amend and refine the definition of the FLSA Collective members he seeks to have the Court serve notice based upon further investigation and discovery.

conformity with these policies, that lead to less time paid than time worked. Plaintiff will prosecute this action vigorously on their behalf.

47. Plaintiff and other members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff and other members of the FLSA Collective are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

48. Plaintiff is entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential FLSA Collective members consist of approximately one thousand or more persons.

**STATE LAW ALLEGATIONS**
**(As to COUNT TWO)**

49. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 42, as if fully rewritten herein.

50. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and a group of employees of Defendant who assert violations of Oklahoma Law (referred to herein as the "State Law Class"), defined as:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of four years preceding the commencement of this action to the date of judgment who were not paid for all hours worked by virtue of having their time rounded and/or edited.

51. There are questions of law or fact common to the State Law Class, including but not limited to:

(a) Whether Defendant denied and failed to pay Plaintiff and other members of the State Law Class the wages they earned where, among other things, these employees were not paid wages for all their hours worked;

(b) Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed wages violated Oklahoma Law;

(c) What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay compensation owed when the wages were required to be paid.

52. Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

53. The State Law Class, outlined above, is so numerous that joinder of all State Law Class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of at least approximately fifteen thousand or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA, as set forth above.

54. Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests

of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

55. The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

56. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**
***On Behalf of Plaintiff and the FLSA Collective***

57. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 48, as if fully rewritten herein.

58. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

59. Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

60. Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

61. The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq.,* apply to Defendant.

62. At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay full and required premium overtime compensation to Plaintiff and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

63. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a).

64. As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

65. As a result of Defendant's policy and practice of rounding and editing time records in order to pay payroll at a rate less than what is owed to its employees, Defendant knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

66. As a result of Defendant's FLSA violations, Plaintiff, on behalf of himself and the FLSA Collective members, is entitled to (a) recover from Defendant unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

67. Defendant's violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## COUNT TWO
**(Failure to Pay All Wages Due –**
**Oklahoma Protection of Labor Act, 40 Okla. Stat. §§ 165.1, *et seq*.)**
***On Behalf of Plaintiff and the State Law Class***

68. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 to 42, and 49 through 56, as if fully rewritten herein.

69. Plaintiff brings this claim as a class action on behalf of himself and the State Law Class pursuant to Fed. R. Civ. P. 23.

70. Pursuant to 40 Okla. Stat. § 165.2, every employer in Oklahoma is required to pay all wages due its employees on regular paydays designated in advance.

71. "Wages" under Oklahoma Law include compensation owed by an employer to an employee for labor or services rendered, including salaries, commissions, holiday and vacation pay, overtime pay, severance or dismissal pay, bonuses, and other similar advantages agreed upon between the employer and employee or provided by the employer to its employees in an established policy. 40 Okla. Stat. § 165.1(7).

72. The terms of compensation established by Defendant to Plaintiff and the State Law Class promised them, as hourly non-exempt workers, that they would be paid wages for the hours they worked at the promised hourly rate, and Plaintiff and the State Law Class members performed compensable work for Defendant for which they were entitled to receive wages, at both straight and overtime rates.

73. As alleged above, Defendant maintained and applied timekeeping and payroll policies and practices that rounded, reduced, and/or otherwise failed to credit all compensable time worked by Plaintiff and the State Law Class members.

74. As a result of Defendant's timekeeping and payroll policies and practices, Defendant failed to compensate Plaintiff and the State Law Class members for all compensable time worked, including time eliminated or reduced through Defendant's rounding practices.

75. The compensation owed to Plaintiff and the State Law Class members for this uncompensated work constituted "wages" within the meaning of 40 Okla. Stat. §

165.1(7), and such wages were due to Plaintiff and the State Law Class members on Defendant's regular paydays.

76. By failing to pay Plaintiff and the State Law Class members all wages due for compensable work performed, Defendant violated 40 Okla. Stat. § 165.2.

77. Pursuant to 40 Okla. Stat. §§ 165.7(G) and 165.9, Plaintiff, on behalf of himself and the State Law Class, seeks recovery of all unpaid wages resulting from Defendant's unlawful timekeeping and payroll practices, together with costs, reasonable attorneys' fees, and all other relief available under Oklahoma Law.

**COUNT THREE**
**(State Law Claim for Unjust Enrichment/Quantum Merit)**
***On Behalf of Plaintiff and the State Law Class***

78. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 to 42, and 49 through 56, as if fully rewritten herein.

79. Plaintiff brings his claim as a class action on behalf of himself and the State Law Class pursuant to Fed. R. Civ. P. 23.

80. Plaintiff brings this claim, in the alternative to Count Two, on behalf of himself and the members of the State Law Class as a result of Defendant's permitting his and the State Law Class members to work for its benefit and for not paying them wages for all the time that they worked due to the beginning and end of shift time deletion/editing/rounding wrongful practices and/or policies as set forth above.

81. The terms of compensation established by Defendant to Plaintiff and the State Law Class promised employees, as hourly non-exempt workers, that they would be paid wages for the hours they worked at the promised hourly rate, and all of the work

Plaintiff and other members of the State Law Class performed during their employments was performed under, and in return for, those terms of compensation. Plaintiff and other members of the State Law Class expected to be paid their wages for all their work at the time they rendered their services.

82. However, Plaintiff and other members of the State Law Class were not paid the hourly rates they agreed to be paid for all hourly work completed but were instead paid less than agreed as a result of Defendant's time editing, rounding, on-the-clock but time deducted, and other time deduction practices and/or policies.

83. Defendant has been unjustly enriched at the expense of Plaintiff and other members of the State Law Class. Defendant was unjustly enriched by the retention of promised hourly wages that were earned and that rightfully belong to Plaintiff and other members of the State Law Class. Defendant was unjustly enriched in that it induced Plaintiff and other members of the State Law Class to perform work for the benefit of Defendant and retained the benefit of this work without having paid for the same.

84. Allowing Defendant to knowingly retain the valuable benefits provided by Plaintiff and other members of the State Law Class—free, unpaid labor—under the circumstances presented as outlined above, is demonstrably unjust. Defendant has retained the benefit of Plaintiff's and other members of the State Law Class's services without compensating them as promised, under circumstances in which it would be unjust and unconscionable to permit Defendant to do so.

85. As a direct and proximate result of Defendant's unjust enrichment and quantum meruit described herein, Plaintiff and other members of the State Law Class have

been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the State Law Class but not paid by Defendant.

86. Having injured Plaintiff and other members of the State Law Class, Defendant is liable to Plaintiff and other members of the State Law Class in the full amount of regular wages that remain unpaid, exemplary or punitive damages as applicable, pre- and post-judgment interest as applicable, costs and reasonable attorney's fees as may be allowed by the Court, an award of damages representing Defendant's employers' share of FICA, FUTA, state employment insurance, and any other required employment taxes, and such other and further relief as provided under law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and other members of the FLSA Collective and State Law Class, as applicable, prays that this Honorable Court:

A. Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B. Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C. Conditionally certify the putative FLSA Collective and provide Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of the FLSA Collective and enabling them to opt in;

D. Toll the statute of limitations for all members of the FLSA Collective, from

the date that this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F. Enter judgment against Defendant, and in favor of Plaintiff, the FLSA Collective, and the members of the State Law Class, declaring that Defendant's activities, as alleged herein, violate the FLSA and Oklahoma Law and enjoining Defendant from continuing to violate the FLSA and Oklahoma Law, as well as awarding the relief set forth immediately below;

G. Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H. Award Plaintiff and other members of the State Law Class all damages allowed by Oklahoma Law, including but not limited to all unpaid "straight time" and overtime wages, and all other penalty damages available;

I. Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

J. Award Plaintiff, and members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K. Enter such other and further relief as this Court deems equitable, just, and proper.

Date: October 8, 2026

Respectfully submitted,

*Edward L. White*

Edward L. White
**EDWARD L. WHITE LAW, P.C.**
829 E. 33rd Street, Edmond, OK 73013
Telephone: (405) 810-8188

ed@edwhitelaw.com

Seth R. Lesser*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Fax: 914-934-9220
seth@klafterlesser.com

Michael A. Galpern*
**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100
mgalpern@lawjw.com

Ryan A. Winters*
Kevin M. McDermott II*
**SCOTT & WINTERS LAW FIRM, LLC**
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
Telephone: (216) 912-2221
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF, FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED RULE 23 CLASS COUNSEL*

* ADMISSION MOTION OR *PRO HAC VICE* TO BE FILED